IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

**FILED**

JUL - 7 2006

**U. S. DISTRICT COURT
EASTERN DISTRICT OF MO**

| | |
|---|---|
| JEANNE BERGFELD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Cause No.: |
| v. | ) |
| | ) |
| THE BOARD OF ELECTION | ) JURY TRIAL DEMANDED |
| COMMISSIONERS, FOR THE CITY OF | ) |
| ST. LOUIS, | ) |
| | ) |
| and | ) |
| | ) |
| EDWARD R. MARTIN, JR., | ) |
| Individually and in his official capacity as | ) |
| Chairman of the Board of Election | ) |
| Commissioners, | ) |
| | ) |
| and | ) |
| | ) |
| ANGELETTA MCCORMICK FRANKS, | ) |
| Individually and in her official capacity as a | ) |
| Member of the Board of Election | ) |
| Commissioners, | ) |
| | ) |
| and | ) |
| | ) |
| CLARENCE E. DULA, | ) |
| Individually and in his official capacity as a | ) |
| Member of the Board of Election | ) |
| Commissioners, | ) |
| | ) |
| Defendants. | ) |

**06CV01025RWS**

## COMPLAINT

COMES NOW Plaintiff, by and through her undersigned counsel, and for her

Complaint against the defendants, states as follows:

**Parties**

1.      Plaintiff Jeanne Bergfeld was at all times relevant herein the Assistant
Director, (Operations) of the Board of Election Commissioners for the City of St. Louis.
She is, and at all times relevant herein was, a resident of the City of St. Louis, Missouri in
the Eastern Division of the Eastern District of Missouri.

2.      Defendant Board of Election Commissioners for the City of St. Louis,
(hereinafter "Board") is a statutory body established under Section 115.017 of the
Revised Statutes of Missouri.

3.      Defendants Edwin R. Martin, Jr., Angeletta McCormick Franks, and
Clarence E. Dula were at all times relevant herein the Commissioners of the Board. They
are hereinafter collectively referred to as "the Commissioners."

4.      The Commissioners have final policy making authority with respect to the
Board of Election Commissioners.

5.      The Commissioners were all appointed by Republican Governor Matt
Blunt and sworn into office on or about May 27, 2005. Each resides in the Eastern
Division of the Eastern District of Missouri. They are sued both in their individual
capacities and in their official capacities as members of the Board.

**Jurisdiction**

6.      This action is brought pursuant to 42 U.S.C. §1983, as well as the First,
Fifth and Fourteenth Amendments to the United States Constitution. This Court has
jurisdiction over this action pursuant to 42 U.S.C. §1983 and 28 U.S.C. §1331. Plaintiff
further invokes the supplemental jurisdiction of this Court to hear and decide claims
arising under state law pursuant to 28 U.S.C. §1367.

7.    Plaintiff requests a jury trial pursuant to Federal Rule of Civil Procedure 38(b).

8.    Venue is proper in the Eastern District of Missouri, because all defendants reside in that district and all of the events complained of herein occurred in the district

## Facts Common to All Counts

9.    The Board of Election Commissioners for the City of St. Louis is a statutory body created pursuant to Section 115.017 R.S.Mo. and granted the authority to conduct elections within the City of St. Louis, State of Missouri.

10.    Pursuant to Section 115.045 R.S.Mo., the Board of Election Commissioners may hire staff to assist in the performance of the Board's functions.

11.    Section 115.047 R.S.Mo. mandates that all staff hired to assist in the performance of the Board's functions be bi-partisan. Therefore, for each Republican Director hired, a Democratic Director must also be hired, with the same being true for every other position within the Board.

12.    Section 115.047 R.S.Mo. further provides that the Board shall adopt regulations to govern the discipline and discharge of its employees.

13.    Pursuant to the authority of §115.047, the Board adopted a "Personnel Policies and Benefits" manual, which included a section on Employment Rules and Policies. In Section VII of the Employment Rules and Policies, the Board provides that before the Board can take any negative action that effects the terms and conditions of employment, the directors and/or the employee's immediate supervisor must have prepared and presented a written evaluation to the employee before taking the adverse

3

action. A copy of Section VII of the Employment Rule and Policies is attached hereto and incorporated herein as **Exhibit 1**.

14.     At all times relevant herein, plaintiff Jeanne Bergfeld was the Republican Assistant Director of Operations for the Board. As the Assistant Director of Operations, plaintiff was responsible for the operation and coordination of the voter registration department, the data control department, and the special operations section, among other things. At the time of her wrongful discharge, plaintiff's primary responsibilities involved management of the election software used on a daily basis. She directly supervised only two other employees of the Board of Election Commissioners.

15.     Plaintiff was hired as the Assistant Director for the Board in July 1993 under Missouri Governor Mel Carnahan.

16.     Plaintiff served as Assistant Director without complaint until her termination on August 12, 2005. She had the requisite skills and education to perform the requirements of her job and was fully competent in her position as evidenced by the number of years that she satisfactorily performed her job until the election of Governor Blunt, her positive evaluations, and her previous elevation to the position of acting Director when the position was vacant.

17.     The position of Assistant Director is not a policy making position, nor a confidential position.

18.     Political affiliation is not a requirement for the effective performance of the position of Assistant Director, except that there must be both a Republican and Democrat assistant director under Missouri law.

4

19.     On August 12, 2005, plaintiff received a letter signed by defendants Martin, Franks and Dula, notifying her that she was being terminated purportedly "for cause."

20.     Defendants did not provide plaintiff with a written evaluation of her job performance before taking this adverse job action as required by Section VII of the Board's Employment Rules and Policies.

21.     The August 12, 2005 letter from the Board alleged that the plaintiff: (1) failed to supervise her direct reports; (2) exhibited indifference to the welfare of employees of the Board; and (3) failed to maintain the statutorily required bi-partisan management that is a check and balance meant to protect the election process. A copy of this correspondence is attached hereto and incorporated herein as **Exhibit 2**. Plaintiff was not provided with any specific information as to how she failed in the performance of her job duties and/or exhibited indifference as alleged in this correspondence.

22.     Plaintiff was not the only employee of the Board to receive this letter on August 12, 2005. Six employees received substantially similar letters which accused each of the six employees of the same conduct, i.e.: (1) failing to supervise direct reports; (2) exhibiting indifference to the welfare of employees at the Board; and (3) failing to maintain the statutorily required bi-partisan management that is a check and balance meant to protect the election process.

23.     Of the six employees that received the August 12, 2005 letter, two were directors, two were assistant directors, and two were administrative assistants.

5

24.     Despite similar allegations of "misconduct" contained in the August 12, 2005 letters, no uniform discipline was imposed with respect to the six employees accused of misconduct.

25.     Until August 12, 2005, plaintiff had not been disciplined with respect to the performance her job duties.

26.     The two administrative assistants kept their jobs, but were reprimanded.

27.     The two assistant directors, plaintiff and her Democratic counterpart, both females, were terminated.

28.     The two directors, both male, were demoted to the Assistant Director positions made vacant by the termination of the plaintiff and her female counterpart.

29.     The reasons given by the Board for plaintiff's termination were pretextural in that plaintiff and her Democratic counterpart (both females) were fired on the basis of their gender.

30.     Alternatively and without waiver of the foregoing, the reasons given by the Board for plaintiff's termination were pretextural in that plaintiff and her Democratic counterpart were fired because defendants wanted to hire supporters of Governor Blunt into positions on the Board. In effect, the plaintiff was "not republican enough".

31.     Upon information and belief, the Board of Election Commissioners for the City of St. Louis, maintains a policy of insurance with respect to tort claims filed against it, such as those contained herein, and therefore, to the extent that it may assert the defense of sovereign immunity, it has waived such defense under the provisions of §537.610 R.S.Mo. by maintaining such policy of insurance.

6

## COUNT I
## TITLE VII AND MHRA CLAIMS AGAINST ALL DEFENDANTS

Plaintiff alleges and incorporates by reference as if fully set out herein, all preceding paragraphs of her complaint.

32. Plaintiff's gender was a motivating factor in the defendant's termination of her as evidenced by the different and more favorable treatment that the male directors, with more responsibility, and therefore, more culpability for the alleged deficiencies/ problems in job performance set forth in the Board's termination notice. As set forth above, male directors were demoted (upon information and belief without a reduction in pay), while female assistant directors were fired for the same alleged actions.

33. Plaintiff's employment history/disciplinary record with the Board does account for her termination by the defendants in that for twelve years her job performance was more than satisfactory and plaintiff incurred no discipline during her period of employment with the Board.

34. The actions, policies and practices complained of herein were in violation of plaintiff's rights secured by 42 U.S.C. §2000(e) *et seq.* and R.S.Mo. §213.010 *et seq.*

35. As a direct and proximate result of the acts complained of herein, plaintiff has sustained lost wages and other benefits of employment through her wrongful termination.

36. Due to the actions of the defendants as set forth herein plaintiff has suffered emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation and stress. Moreover, due to the acts of the defendants in publicizing plaintiff's wrongful termination she has and will continue to suffer damages to her career and reputation.

7

37.     On or about November 22, 2005, plaintiff timely filed a complaint with the Equal Employment Opportunity Commission, which was cross-filed with the Missouri Commission on Human Rights.

38.     Plaintiff was issued a right to sue letter by the Department of Justice on April 11, 2006.

39.     The discrimination against plaintiff as set forth herein was intentional. Moreover, defendants have acted with reckless and malicious indifference to the federally protected rights of plaintiff, making an award of punitive damages appropriate and necessary in this case to punish defendants and to deter them and others from the same or similar transgressions in the future.

WHEREFORE, plaintiff prays this Court to enter judgment in her favor and against defendants, and thereafter:

A.     Order defendants to make plaintiff whole for any and all loses or damages she has suffered including lost wages and other benefits of employment;

B.     Award damages to plaintiff for her emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress and loss of reputation;

C.     Award plaintiff punitive damages against the defendants named herein in their individual capacity in such sum as this court believes will serve to punish them and to deter them and others from like conduct;

D.     Award plaintiff the costs of this action, together with her reasonable attorneys' fees; and

8

E.     Grant such other and additional relief as may appear to the Court to be
equitable and just under the circumstances.

## COUNT II
## 42 U.S.C. SECTION 1983 CLAIM AGAINST ALL DEFENDANTS
## PURSUANT TO THE FIRST AMENDMENT

Alternatively and without waiver of the foregoing, plaintiff alleges and
incorporates by reference as if fully set out herein, all preceding paragraphs of her
complaint.

40.     Plaintiff was discharged by defendants because she was not politically
affiliated with Republican Governor Matt Blunt and/or his political appointees to the
Board. In effect, plaintiff was discharged because she was "not republican enough" for
the current administration.

41.     Defendants were acting under color of state law when they fired plaintiff
as the Assistant Director because she was not a political ally of the Blunt administration.

42.     Plaintiff's political affiliation with a particular gubernatorial
administration was not a requirement for the effective performance of her duties as
Assistant Director as evidenced by her being retained in the position of Assistant Director
through several changes in the governor's office during her tenure on the Board.

43.     Upon information and belief, plaintiff was fired by defendants to enable
the Blunt administration and/or his political appointees to hire Blunt allies for
employment at the Board as evidenced by the hiring of a Blunt ally to the Board after
plaintiff's wrongful termination.

44.     As a direct and proximate result of the acts complained of herein, plaintiff has sustained lost wages and other benefits of employment through her wrongful termination.

45.     Due to the defendants actions as set forth herein plaintiff has suffered emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation and stress. Moreover, due to the acts of the defendants in publicizing plaintiff's wrongful termination she has and will continue to suffer damages to her career and reputation.

46.     The acts of the defendants as set forth above were willful, deliberate, malicious, and done with gross and reckless indifference to the federally protected rights of plaintiff.

WHEREFORE, plaintiff prays this Court to enter judgment in her favor and against defendants, and thereafter:

A.      Order defendants to make plaintiff whole for any and all loses or damages she has suffered including lost wages and other benefits of employment;

B.  Award damages to plaintiff for her emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress and loss of reputation;

C.  Award plaintiff punitive damages against the defendants named herein in their individual capacity in such sum as this court believes will serve to punish them and to deter them and others from like conduct;

D.  Award plaintiff the costs of this action, together with her reasonable attorneys' fees; and

10

E. Grant such other and additional relief as may appear to the Court to be equitable and just under the circumstances.

## COUNT III
## 42 U.S.C. SECTION 1983 CLAIM AGAINST ALL DEFENDANTS
## TITLE VII AND EQUAL PROTECTION CLAUSE VIOLATIONS

Plaintiff alleges and incorporates by reference as if fully set out herein, all preceding paragraphs of her complaint.

47. Defendants, acting under color of state law, deliberately acted against plaintiff as set forth above because of her gender, female, causing her to be deprived of her rights secured by the Constitution and laws of the United States.

48. The actions, policies and practices complained of were in violation of 42 U.S.C. §1983 in that they have denied plaintiffs of her rights secured by Title VII of the Civil Rights Act of 1964, as well as equal protection of the law as secured by the Fourteenth Amendment to the United States Constitution.

49. The actions complained of herein were made by those with final policy-making authority and/or approved by those with final policy-making authority as part of a deliberate policy of discrimination against females.

50. As a direct and proximate result of the acts complained of herein, plaintiff has sustained lost wages and other benefits of employment through her wrongful termination.

51. Due to the defendants actions as set forth herein plaintiff has suffered emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation and stress. Moreover, due to the acts of the defendants in publicizing plaintiff's wrongful termination she has and will continue to suffer damages to her career

11

and reputation.

52.    The discriminatory acts of the defendants as set forth above were willful, deliberate, malicious, and done with gross and reckless indifference to the federally protected rights of plaintiff.

WHEREFORE, plaintiff prays this Court to enter judgment in her favor and against defendants, and thereafter:

A.    Order defendants to make plaintiff whole for any and all loses or damages she has suffered including lost wages and other benefits of employment;

B.    Award damages to plaintiff for her emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress and loss of reputation;

C.    Award plaintiff punitive damages against the defendants named herein in their individual capacity in such sum as this court believes will serve to punish them and to deter them and others from like conduct;

D.    Award plaintiff the costs of this action, together with her reasonable attorneys' fees; and

E.    Grant such other and additional relief as may appear to the Court to be equitable and just under the circumstances.

## COUNT IV
### §1983 SUBSTANTIVE DUE PROCESS

Plaintiff alleges and incorporates by reference as if fully set out herein, all preceding paragraphs of her complaint.

53.    There exists a pattern and practice on the part of the Board of Election Commissioners of depriving employees of their constitutional rights as plaintiff

complains of herein.

54.     Defendants have deprived plaintiff of her property interest in her
continued employment and her liberty interest, in her good name, reputation, honor and
standing in the community such that they have triggered the due process protections set
forth in the 5th and 14th Amendments to the U.S. Constitution.

55.     The manner in which plaintiff was deprived of her protected property and
liberty interests in her public employment and her liberty interest in her good name and
reputation, shocks the conscience, was arbitrary and capricious, offends judicial notions
of fairness, and was offensive to human dignity in that the defendants terminated plaintiff
in a very public manner limiting her ability to secure suitable alternative employment.

56.     Upon information and belief, other employees of the Board of Election
Commissioners have been afforded due process as a condition precedent to the
imposition of any disciplinary action to include termination, thereby creating a custom,
policy and/or practice with respect to discipline and/or termination.

57.     Plaintiff's property interest in her continued employment as well as her
liberty interest in her right to engage in the common occupations of life and her good
name and reputation was interfered with by the defendants' termination of plaintiff,
which was taken under color of state law, and which was patently arbitrary and
capricious, and resulted in plaintiff's loss of employment, including wages and other
benefits of such employment as well as mental anguish, inconvenience, humiliation,
embarrassment, loss of enjoyment of life, stress, and loss of reputation.

58.     As such, plaintiff's substantive due process rights, as secured by the Fifth
and Fourteenth Amendments to the United States Constitution were violated.

59.     The conduct of the defendants in terminating plaintiff as set forth herein was wanton, willful, and showed a reckless indifference to plaintiff's constitutional rights as set forth above.

WHEREFORE, plaintiff prays this Court to enter judgment in her favor and against defendants, and thereafter:

A.     Issue an order awarding Plaintiff reinstatement, her back pay and other emoluments of her office lost as a consequence of her unlawful suspension without pay and unlawful termination in violation of her substantive due process rights,;

B.     Award damages to plaintiff for her emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress and loss of reputation;

C.     Award plaintiff punitive damages against the defendants named herein in their individual capacity in such sum as this court believes will serve to punish them and to deter them and others from like conduct;

D.     Award the plaintiff her reasonable attorneys fees and expenses in connection with the pursuit of this matter; and

E.     Grant such further and additional relief as this Court deems just and proper.

## COUNT V
## 42 U.S.C. §1983 VIOLATION OF
## PLAINTIFF'S PROCEDURAL DUE PROCESS RIGHTS

Plaintiff incorporates by reference, as if fully set forth herein, all preceding paragraphs of her complaint.

14

60. Pursuant to Section VII of the Employment Rules and Policies, plaintiff has the right to a written evaluation before any negative employment action could be taken against her, including her termination.

61. Plaintiff was not provided with a written evaluation of her job performance before being terminated by the Board as required by the Board's Employment Rules and Policies.

62. Pursuant to the rights afforded plaintiff by the Employment Rules and Policies, plaintiff had a right to an evaluation of her job performance prior to her termination by the Board, which right was denied to plaintiff.

63. The conduct of the defendants in terminating plaintiff without affording her the procedural rights to which she was entitled as set forth herein was wanton, willful and showed a reckless indifference to the plaintiff's constitutional rights.

WHEREFORE, plaintiff prays this Court to enter judgment in her favor and against defendants, and thereafter:

A. Order defendants to make plaintiff whole for any and all loses or damages she has suffered including lost wages and other benefits of employment;

B. Award damages to plaintiff for her emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress and loss of reputation;

C. Award plaintiff punitive damages against the defendants named herein in their individual capacity in such sum as this court believes will serve to punish them and to deter them and others from like conduct;

D.     Award plaintiff the costs of this action, together with her reasonable

attorneys' fees; and

E.     Grant such other and additional relief as may appear to the Court to be

equitable and just under the circumstances.

## COUNT VI
## DEFAMATION OF CHARACTER

Plaintiff alleges and incorporates by reference, as if fully set out herein, all

preceding paragraphs of her complaint.

64.     Defendants by making statements to the press caused statements to be

published about the plaintiff in both the electronic and print media, including but not

necessarily limited to the St. Louis Post Dispatch, the St. Louis American and on KSDK

Channel 5 (as well as their related websites) that plaintiff:

- a. Was inappropriate in her supervision of subordinates;

- b. Was indifferent to the health and welfare of her staff;

- c. Caused unspecified concerns relating to safety and/or security;

- d. Failed to maintain the bi-partisan management required by
  Missouri law; and/or

- e. Was otherwise deficient as a manager for the Board.

65.     Defendants made the above-referenced statements to the media knowing

they would be broadcast or published to the general public.

66.     Plaintiff was identified by name in the published accounts of her

termination.

67.     The published reasons for plaintiff's discharge were false in that they were

nothing more than pretext for plaintiff's illegal termination as set forth herein.

16

68.     Defendants caused the publication of the statements relating to plaintiff in the electronic and print media knowing that they were false and/or with a reckless disregard for whether such published statements were true or false at a time when defendants had serious doubts as to whether such statements were true.

69.     The statements about plaintiff were widely distributed through the electronic and print media and as a result were read and/or heard by the general public throughout the St. Louis metropolitan area.

70.     The statements at issue in paragraph 64 herein tended to expose plaintiff to contempt and/or ridicule and/or deprived her of the benefit of public confidence and business associations, as well as of the opportunity to secure suitable alternative employment.

71.     Plaintiff's reputation was damaged as a direct and proximate result of the actions of the defendants as set forth herein.

72.     As a direct and proximate result of the actions of the defendants as set forth herein, plaintiff has suffered lost income and loss of future employability due to the damage caused to her good name and professional reputation.

73.     Due to the defendants actions as set forth herein plaintiff has suffered emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation and stress. Moreover, due to the acts of the defendants in publicizing plaintiff's wrongful termination she has and will continue to suffer damages to her career and reputation.

74.    The conduct of the defendants as set forth herein was outrageous because of their evil motive and/or reckless indifference to the rights and well-being of plaintiff; therefore, plaintiff is entitled to an award of punitive damages against defendants.

WHEREFORE, plaintiff prays this Court to enter judgment in her favor and against defendants, and thereafter:

A.    Order defendants to make plaintiff whole for any and all damages she has suffered to her reputation, including but not necessarily limited to, lost wages and other benefits of employment;

B.    Award damages to plaintiff for her emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress and loss of reputation;

C.    Award plaintiff punitive damages against the defendants named in such sum as this court believes will serve to punish them and to deter them and others from like conduct;

D.    Award plaintiff the costs of this action, together with her reasonable attorneys' fees; and

E.    Grant such other and additional relief as may appear to the Court to be equitable and just under the circumstances.

## COUNT VII
## PUBLIC DISCLOSURE OF PRIVATE FACTS

Alternatively and without waiver of the foregoing, plaintiff alleges and incorporates by reference as if fully set out herein, all preceding paragraphs of her complaint.

18

75.    Defendants caused to be published information about plaintiff to the general public of the City of St. Louis, which constitutes a large number of persons.

76.    Defendants caused to be published the reasons for plaintiff's discharge, which was a confidential personnel matter.

77.    The information published about plaintiff set forth in paragraph 64 above constituted private matters in which the general public had no legitimate interest and/or concern, and which the defendants had no right or duty to disclose to the general public.

78.    Plaintiff did not expressly or impliedly waive her right to have these private matters relating to her employment remain private.

79.    The defendants were not otherwise authorized or privileged to disclose these private matters regarding plaintiff to the general public.

80.    The acts of the defendants as set forth herein brought shame and humiliation to plaintiff and would bring shame and humiliation to a person of ordinary sensibilities.

81.    As a direct and proximate result of the actions of the defendants as set forth herein, plaintiff has suffered lost income and loss of future employability due to the damage caused to her good name and professional reputation.

82.    Due to the defendants actions as set forth herein plaintiff has suffered emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation and stress. Moreover, due to the acts of the defendants in publicizing plaintiff's wrongful termination she has and will continue to suffer damages to her career and reputation.

83.     The defendants' conduct as set forth herein was outrageous because of their evil motive and reckless indifference to the rights of plaintiff, entitling plaintiff to an award of punitive damages.

WHEREFORE, plaintiff prays this Court to enter judgment in her favor and against defendants, and thereafter:

A. Order defendants to make plaintiff whole for any and all damages she has suffered due to the pubic disclosure of these private facts including but not necessarily limited to, lost wages and other benefits of employment;

B. Award damages to plaintiff for her emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress and loss of reputation;

C. Award plaintiff punitive damages against the defendants named herein in such sum as this court believes will serve to punish them and to deter them and others from like conduct;

D. Award plaintiff the costs of this action, together with her reasonable attorneys' fees; and

E. Grant such other and additional relief as may appear to the Court to be equitable and just under the circumstances.

PLEBAN & ASSOCIATES, L.L.C.

By:

C. John Pleban, # 4966
Lynette Petruska, #15880
Talmage E. Newton, IV, # 510903
2010 South Big Bend Blvd.
St. Louis, Missouri 63117
(314) 645-6666 – Telephone
(314) 645-7376 – Facsimile

Attorneys for Plaintiff Bergfeld